**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Happy Happy,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-07531-PHX-MAA

**ORDER**

Petitioner filed this action, through counsel, under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) Petitioner entered the United States in 2022, was briefly detained, and was then released. On October 10, 2026, Petitioner was again detained and has been held since without a bond hearing. Petitioner alleges his re-detention violates his Fifth Amendment rights, and he seeks release on the same conditions as before and an injunction against his re-detention without a pre-deprivation hearing where the Government bears the burden of proof.

The Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 5.) In the Response, Respondents state: "Petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and *Rodriguez Vazquez v. Bostock*, No. 25 6842, 2026 WL 2196424 (9th Cir. July 30, 2026), but Respondents have not yet provided a bond redetermination hearing, and therefore Respondents do not oppose Petitioner's request for an order to release." (Doc. 7.) The Court accepts this concession as non-opposition to granting the Petition.

In addition, Petitioner specifically argued in Count One of his Petition that, to fully restore the status quo following the unconstitutional deprivation of his liberty, Respondents must return Petitioner's personal property contemporaneously with his release, including his driver's license, Employment Authorization Document, and any another personal property retained when he was detained. (Doc. 1 ¶ 142.) Respondents did not respond to Petitioner's claims in Count One. (*See* Doc. 7.) Respondents have therefore waived any challenge to this aspect of the Petition. *See N-E-M-B v. Wamsley*, No. CV-25-00989-SI, 2025 WL 3527111, at *7 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition"); *Soleimani v. LaRose*, NO. CV-25-03082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"). In light of this waiver, the Court will order Respondents to return Petitioner's personal property to him upon his release.

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to his request for release from custody and return of personal property. The remainder of the Petition is denied as moot.

(2) Respondents must **immediately** release Petitioner from custody under the same conditions that existed before his detention.

(3) Contemporaneous with Petitioner's release, Respondents must return Petitioner's personal property, including his driver's license, Employment Authorization Document, and any another personal property retained when he was detained.

(4) Respondents must provide a notice of compliance within **two days** of this Order.

(5) Absent a significant change in Petitioner's circumstances, Respondents and their agents are enjoined from re-detaining Petitioner without **seven (7) days** prior written notice and an opportunity for Petitioner to be heard by a neutral judge on the reasons for

the re-detention and consideration of bond, at which hearing the government must bear the burden of demonstrating by clear and convincing evidence that Petitioner is likely to flee or pose a danger to the community if not detained.

(6) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 23rd day of October, 2026.

Honorable Michael A. Ambri
United States Magistrate Judge